FILED'06 DEC 11 08:40 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOEL BELTRAN-BENITEZ,

      Petitioner,

v.

SHARON BLACKETTER,

      Respondent.

Civil No. 05-1829-AS

FINDINGS AND RECOMMENDATION

    AMY BAGGIO
    Assistant Federal Public Defender
    101 SW Main Street
    Suite 1700
    Portland, OR  97204

        Attorney for Petitioner

    HARDY MYERS
    Attorney General
    LYNN DAVID LARSEN
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, OR  97301

        Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION -

ASHMANSKAS, Magistrate Judge.

Petitioner, an inmate at the Eastern Oregon Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition for Writ of Habeas Corpus should be DENIED.

## BACKGROUND

On August 29, 2002, Petitioner was convicted in Lane County upon pleading guilty in two separate cases to charges of Unlawful Delivery of a Controlled Substance. The trial judge sentenced Petitioner to consecutive 22-month and 20-month terms of imprisonment. Judgments in the two cases were entered on September 3, 2002, and September 4, 2002.

Petitioner did not directly appeal his convictions. Petitioner filed a petition for state post-conviction relief ("PCR") on January 26, 2004. The trial judge denied relief. On appeal, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Beltran-Benitez, 200 Or. App. 733, 118 P.3d 281, rev. denied, 339 Or. 475, 125 P.3d 1248 (2005). The appellate judgment issued on November 30, 2005.

Petitioner filed this action on December 5, 2005. Respondent argues the Petition for Writ of Habeas Corpus was not timely filed, and this action should be dismissed. Petitioner concedes he did not timely file his petition, but argues the limitation

2 - FINDINGS AND RECOMMENDATION -

period should be equitably tolled based upon his criminal trial attorney's failure to promptly turn over Petitioner's files.

**DISCUSSION**

Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitations applies to an application for a writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." The limitation period set forth in § 2244(d)(1) may be equitably tolled if extraordinary circumstances beyond a prisoner's control made it impossible to file a timely petition. Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005); Allen v. Lewis, 255 F.3d 798, 799-800 (9th Cir. 2001), on reh'g en banc, 295 F.3d 1046 (9th Cir. 2001).

The threshold necessary to trigger equitable tolling is very high, "lest the exceptions swallow the rule." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (quoting Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.), cert. denied, 537 U.S. 1003 (2002)). The propriety of equitable tolling is a fact-specific inquiry which requires the petitioner to prove that the "extraordinary circumstance" was the but-for and proximate cause of his late filing. Gaston v. Palmer, 417 F.3d 1030, 1032 (9th Cir. 2005) (citing Spitsyn, 345 F.3d at 799), reh'g granted, opin. mod. on other grnds, 447 F.3d 1165 (2006), pet'n for cert. filed, No. 06-7655 (Sept. 12, 2006).

3 - FINDINGS AND RECOMMENDATION -

In the instant case, Petitioner relies upon Lott v. Mueller, 304 F.3d 918, 924 (9th Cir. 2002), in which the Ninth Circuit held denial of access to legal materials may constitute extraordinary circumstances. See also, Williams v. Knowles, 2006 WL 845734, at *9 (E.D. Cal. Mar. 30, 2006) (denial of access to trial counsel' file constituted extraordinary circumstance justifying equitable tolling). In Lott, however, equitable tolling was granted not only because of the prisoner's lack of access to his legal materials, but also because California statutes and existing case law at that time made it nearly impossible to determine when the limitation period actually expired. Lott, 304 F.3d at 922.

In Williams, the court found the limitation period was equitably tolled because the prisoner did not obtain key autopsy information from his trial counsel until after the limitation period had run. Williams, 2006 WL 845734 at *10. Notably, this finding was ancillary to the court's finding that the limitation period had not commenced until the prisoner received the autopsy report. Id. at *7 (citing 28 U.S.C. § 2244(d)(1)(D) which provides the one-year limitation period may commence "on the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence").

Here, the parties agree Petitioner's statute of limitations began to run on January 2, 2003. From January through the end of

4 - FINDINGS AND RECOMMENDATION -

May 2003, Petitioner made several efforts to obtain his file from trial counsel. In his communications to counsel and the Oregon State Bar, Petitioner noted his federal limitation period was running. He finally received the file, some 131 days after his first attempt. Petitioner did not, however, file his state PCR petition until January 26, 2004, several months after he obtained his file. Other than noting he bore the entire responsibility of identifying post-conviction claims and drafting his initial state PCR petition, Petitioner offers no explanation for this delay.

Accordingly, even if the court agreed the 131 delay-day in obtaining trial counsel's files rose to the level of an extraordinary circumstance beyond his control, Petitioner would still have to show that delay was the but-for and proximate cause of his failure to file his state PCR petition for several months thereafter. Petitioner fails to sustain this burden. As such, the petition for writ of habeas corpus is untimely, and Petitioner is not entitled to habeas corpus relief.

## **RECOMMENDATION**

For these reasons, the Petition for Writ of Habeas Corpus should be DENIED, and judgment of dismissal should be entered.

## **SCHEDULING ORDER**

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are

5 - FINDINGS AND RECOMMENDATION -

due December 27, 2006. If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 10 days after service of a copy of the objections. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this __8__ day of December, 2006.

_____
Donald C. Ashmanskas
United States Magistrate Judge