IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JOEL BELTRAN-BENITEZ, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 05-1829-AS |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| SHARON BLACKETTER, | ) | |
| | ) | |
| Respondent. | ) | |

Amy M. Baggio
FEDERAL PUBLIC DEFENDER'S OFFICE
101 S.W. Main Street, Suite 1700
Portland, OR  97204

　Attorney for Petitioner

Douglas Park
DEPARTMENT OF JUSTICE
1162 Court Street, N.E.
Salem, OR  97301-4096

　Attorney for Respondent

JONES, Judge:

Magistrate Judge Ashmanskas filed his Findings and Recommendation on December 11, 2006 in the above entitled case (#26).  The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).  When either party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must make a de novo determination of that portion of the magistrate judge's report.  See 28 U.S.C. § 636(b)(1)(B); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982).

Petitioner has timely filed objections (#27).  I have, therefore, given de novo review of Magistrate Judge Ashmanskas's rulings.  I adopt Magistrate Judge Ashmanskas's recommendation, but update the analysis based on changes to the applicable equitable tolling standard, as follows:

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  Statutory tolling of this limitation period is available for "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . [is pending]."  28 U.S.C. § 2244(d)(2).  The Ninth Circuit has also recognized situations where equitable tolling is appropriate.  Here, the court must determine whether petitioner is entitled to equitable tolling where he was deprived of access to his legal file for several months while the one-year statute of limitations ran.

On August 29, 2002, the petitioner in this case was convicted of two counts of Unlawful Delivery of a Controlled Substance and sentenced to consecutive sentences totaling 42 months.

2 - ORDER

(Findings & Rec. (#26) at 2.)   These judgments were entered on September 3, 2003, and

September 4, 2003.  At that point, petitioner opted not to file a direct appeal.  Id.  The parties

have agreed that the statute of limitations started running on January 2, 2003.  Id. at 4.  In this

case, the record demonstrates that petitioner communicated repeatedly with trial counsel and the

Oregon State Bar between January 16, 2003 and May 13, 2003, in an effort to have his file

returned.  (Pet'r Obj. (#27) at 3.)  The Oregon State Bar finally acted on petitioner's behalf in

May 2003, requesting trial counsel return petitioner's file by June 17, 2003.  Id.  Petitioner

"finally received the file, some 131 days after his first attempt."  (Findings & Rec. at 5.)

Petitioner filed for state post-conviction relief on January 26, 2004.  Pursuant to the

AEDPA, the statute of limitations for petitioner's federal habeas petition was tolled while his

"properly filed application for State post-conviction . . . review . . . [was] pending."  28 U.S.C.

§ 2244(d)(2).   This petition was denied and final appellate judgment affirming the denial was

entered on November 30, 2005.  (Findings & Rec. at 2.)  With the post-conviction review

petition no longer pending, the clock on the AEDPA statute of limitations started running again.

Petitioner filed his federal habeas petition pursuant to 28 U.S.C. § 2254 on December 5, 2005.

Id.  If petitioner is not entitled to equitable tolling, the parties agree that his petition was

untimely by 29 days.  (See Pet'r Obj. at 3 & Resp. to Pet'r Obj. (#35) at 2.)

I.      A but-for or proximate cause standard does not adequately express the Ninth Circuit
        standard for equitable tolling under the AEDPA.

Petitioner objects to the standard applied by Magistrate Judge Ashmanskas with regard to

equitable tolling.  (Pet'r Obj. at 1-3.)  Specifically, petitioner argues that the magistrate judge

incorrectly applied an overly stringent "but for" or "proximate cause" standard to his claim for

equitable tolling.  Id.

3 - ORDER

The waters around equitable tolling of the AEDPA were muddied by a recent U.S. Supreme Court decision, <u>Pace v. DiGuglielmo</u>, 544 U.S. 408 (2005). Prior to <u>Pace</u>, equitable tolling was deemed appropriate where "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003) (citing <u>Brambles v. Duncan</u>, 330 F.3d 1197, 1202 (9th Cir. 2003)). This has been characterized as a proximate cause or "but-for" standard. <u>See</u> <u>Allen v. Lewis</u>, 255 F.3d 798, 800 (9th Cir. 2001) ("[A]t the very least, the prisoner must show that the extraordinary circumstances were the but-for and proximate cause of his untimeliness.") (internal quotation marks omitted). However, in <u>Pace</u>, the Court articulated a distinct standard. "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." 544 U.S. at 418.

Earlier this year, the Supreme Court applied the <u>Pace</u> standard without reference to the impossibility or but-for standards previously articulated. <u>See</u> <u>Lawrence v. Florida</u>, 127 S.Ct. 1079, 1085 (Feb. 20, 2007). However, in <u>Espinoza-Matthews v. California</u>, 432 F.3d 1021, 1026 n.5 (2005), the Ninth Circuit explicitly declined to decide "whether <u>Pace</u> has lowered the bar somewhat" and created a less exacting standard for equitable tolling. In that case, the court applied the presumably more stringent "impossibility" standard, as set forth in <u>Spitsyn</u>. Nevertheless, in subsequent decisions, the Ninth Circuit simply applied <u>Pace</u>. <u>See</u> <u>Mendoza v. Carey</u>, 449 F.3d 1065, 1068 (9th Cir. 2006); <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1153 (9th Cir. 2006); <u>but see</u> <u>Roy v. Lampert</u>, 465 F.3d 964, 969 (9th Cir. 2006) (applying <u>Pace</u> standard as well as "impossibility" standard, citing <u>Spitsyn</u>, 345 F.3d 796, and <u>Calderon v. United States Dist. Court (Beeler)</u>, 128 F.3d 1283 (9th Cir. 1997)). Without articulating what the appropriate

4 - ORDER

standard was post-<u>Pace</u>, the Ninth Circuit has twice applied <u>Pace</u> as the only standard and once as an element of a mixed <u>Pace</u>/impossibility standard. The question remains: Does <u>Pace</u> stand alone, or should it be applied alongside an "impossibility" or "proximate cause" standard, or both?

I agree with petitioner that Magistrate Judge Ashmanskas's findings and recommendation did not fully articulate the proper standard for equitable tolling in light of the Ninth Circuit's analysis in <u>Espinoza-Matthews</u>, 432 F.3d 1021. In <u>Espinoza-Matthews</u>, the Ninth Circuit applied the standard articulated in <u>Spitsyn</u> and <u>Gaston</u> that references both impossibility and a causal connection, but not a proximate cause or but-for standard, as applied by Magistrate Judge Ashmanskas. Regardless, based on the facts before me, I conclude that petitioner fails to satisfy the both <u>Espinoza-Matthews</u> standard as well as the potentially less stringent standard set forth in <u>Pace</u>. By either standard, petitioner's claim for equitable tolling fails.

II.     <u>Petitioner's deprivation does not constitute extraordinary circumstances.</u>

Petitioner next objects to Magistrate Judge Ashmanskas's finding that extraordinary circumstances do not exist sufficient to justify equitably tolling the statute of limitations for filing his habeas petition. (Pet'r Obj. at 3.)

A petitioner, deprived of access to his legal file, is not entitled to equitable tolling as a matter of law. <u>Vigliotto v. Terry</u>, 873 F.2d 1201, 1202-1203 (9th Cir. 1989) ("The temporary deprivation of an inmate's legal materials does not, in all cases, rise to a constitutional deprivation."). If a petitioner is denied access early in the statutory period, or if the file is returned long before the end of the statutory period, a court may find that the petitioner still had sufficient opportunity to complete his petition within the statutory period. See <u>Allen</u>, 255 F.3d

798 (no equitable tolling where petitioner was deprived of file for 27 days one month into limitations period and received file with eleven months remaining); and see Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999) (no equitable tolling where petitioner had over six months to complete petition after being returned to his usual quarters).

However, a sufficiently long deprivation of legal materials can justify equitable tolling. In Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002), the Ninth Circuit observed that "federal habeas petition[s] under the AEDPA" are of "grave importance," and authorized equitable tolling for a prisoner who was denied access to his file for 82 days. In 2005, the court extended equitable tolling to a prisoner who was denied access to his files for eleven months while in Administrative Segregation, noting that after their return "[petitioner] had only slightly over a month with his legal file to try to prepare a proper petition." Espinoza-Matthews, 432 F.3d at 1028. The Second Circuit has held that where legal documents were intentionally confiscated by prison officials, extraordinary circumstances exist as a matter of law. Valverde v. Stinson, 224 F.3d 129, 133 (2nd Cir. 2000). At the other end of the spectrum, where the prisoner lacked access for only three days, the court was unwilling to provide relief in the form of equitable tolling. See Vigliotto, 873 F.2d at 1202.

Closer questions lie within this spectrum, however, particularly in cases where attorney misconduct has justified equitable tolling. In general, mere attorney negligence will not stop the clock on a limitations period. However, "where an attorney's misconduct is sufficiently egregious, it may constitute an 'extraordinary circumstance' warranting equitable tolling of AEDPA's statute of limitations." Spitsyn, 345 F.3d at 800. In Spitsyn, petitioner's attorney did not deliver the legal file until after the filing deadline had passed. Id. at 802. The Ninth Circuit

held that this degree of attorney misconduct would generally justify equitable tolling. Even so, the issue was remanded for "consideration of whether [petitioner] exercised reasonable diligence in ultimately filing," where the petition was not filed until four months later. Id. In Meredith, petitioner attempted to get his file from his attorney seven times over a period of almost two years. 2007 WL 582408, (D. Or. Feb. 16, 2007). Approximately three months before the filing deadline petitioner finally received the documents and the district court held that this constituted extraordinary circumstances. Id. at *4.

In this case, petitioner was denied access to his file for over four months. This is a meaningful amount of time, relative to a 12-month limitations period. On the other hand, the deprivation did not occur toward the end of the limitations period, which is usually a determinative factor where this court has authorized equitable tolling. Instead, petitioner had between four and five months remaining in which to file. Although in some respects it is a close question because the deprivation was substantial, I conclude that the situation faced by petitioner did not rise to the level of extraordinary circumstances sufficient to grant equitable tolling under the AEDPA. In any event, petitioner also failed to satisfy the diligence requirement for equitable tolling, as discussed below.

III.    Petitioner failed to exercise reasonable diligence in timely filing his petition after his files were returned.

Petitioner objects to Magistrate Judge Ashmanskas's finding that he lacked diligence because he failed to timely file despite substantial time remaining in the limitations period after he received his files. (Pet'r Obj. at 4-6.) However, I agree with Magistrate Judge Ashmanskas's finding that petitioner's failure to file his petition in the months following receipt of his files fails to meet the level of diligence required to equitably toll the statute of limitations under the

7 - ORDER

AEDPA.  (Findings & Rec. at 5.)

In <u>Pace</u>, the Supreme Court set forth an equitable tolling standard with two distinct prongs, "extraordinary circumstances" and "diligence."  544 U.S. at 418.  Even so, the Ninth Circuit "has focused almost exclusively on whether the relevant 'extraordinary circumstances' were present rather than whether the habeas petitioner had pursued their rights diligently."  <u>Roy</u>, 465 F.3d at 970 n.1.  Often, the absence of extraordinary circumstances is clear and, therefore, diligence analysis is unnecessary.  For example, in <u>Pace</u>, the question of equitable tolling turned on whether a petition for state post-conviction relief tolled the AEDPA statute of limitations when the *state* petition was untimely filed.  Because the Supreme Court found that an untimely filed petition was not "filed" for purposes of tolling the AEDPA, the question of petitioner's diligence was moot.  Again, in <u>Raspberry</u>, the Ninth Circuit held that the district court's failure to notify petitioner of his right to amend his habeas petition could not toll the statute of limitations, petitioner's diligence notwithstanding.  448 F.3d 1150.

On the other hand, where equitable tolling may be available due to attorney misconduct or custody-related circumstances, the question of a petitioner's diligence is key.  For example, the petitioner in <u>Spitsyn</u> lacked access to his file until after the filing deadline.  345 F.3d 796. Even so, the court remanded the matter for determination as to whether petitioner exercised reasonable diligence *after* his file was returned.  <u>Id.</u> at 802.  Although the inquiry often ends with a finding that extraordinary circumstances do not exist, a petitioner *must* demonstrate diligence before obtaining relief in the form of equitable tolling.

Here, the petitioner must demonstrate both diligence and the existence of extraordinary circumstances.  <u>See</u> <u>Pace</u>, 544 U.S. 408.  As previously noted, lack of access to a legal file does

8 - ORDER

not necessarily entitle a petitioner to equitable tolling.  However, where the deprivation amounts

to a substantial portion of the limitations period and occurs more toward the end of the

limitations period, this circuit has been more willing to authorize equitable tolling.  See Lott, 304

F.3d 918 (granting equitable tolling where petitioner was transferred to another facility for 82

days and lacked access to his legal file).  See Meredith, 2007 WL 582408 (approving equitable

tolling for a prisoner who recovered his file three months before end of limitations period).  See

Espinoza-Matthews, 432 F.3d 1021 (recognizing equitable tolling where prisoner was confined

to Ad/Seg and lacked access to files for eleven months of the statutory period).  See Vigliotto,

873 F.2d at 1202 (no equitable tolling for petitioner whose deprivation lasted only three days).

      In this case, petitioner was denied access to his file for 131 days, approximately four and

a half months.  However, by the time the file was returned in mid-June, petitioner had at least six

months remaining to timely file.  In addition, "[p]etitioner offers no explanation for this delay."

(Findings & Rec. at 5.)  The court must therefore decide whether petitioner could reasonably

have filed his habeas petition before the statutory deadline.  The Ninth Circuit acknowledged

that "[i]t will normally be much more difficult for a prisoner to demonstrate causation where he

encounters the extraordinary circumstances in the beginning or middle of the limitations period."

Allen, 255 F.3d at 800 (internal quotation marks omitted).   I conclude that petitioner had a

reasonable amount of time to complete his federal position for habeas corpus relief before the

January 2, 2003 deadline.

IV.    Ninth Circuit precedent does not support an approach to equitable tolling consistent with that taken in Socop-Gonzalez.

Finally, petitioner objects to Magistrate Judge Ashmanskas's failure to approach equitable tolling in line with the Ninth Circuit in Socop-Gonzalez v. INS, 272 F.3d 1176, 1193-1196 (9th Cir. 2001) (en banc).  Under the Socop-Gonzalez approach, when the court finds extraordinary circumstances created an impediment to filing, the statute of limitations is tolled for the duration of the impediment, regardless of when the impediment occurs.  (Pet'r Obj. at 4.) In essence, this approach eliminates the diligence prong of the equitable tolling analysis by focusing the analysis on the presence of an impediment and then providing relief based solely on the number of days the impediment was in place.

However, this approach to equitable tolling ignores the standard set forth by the Supreme Court in Pace as well as Ninth Circuit precedent with respect to the AEDPA.  As a preliminary matter, the Socop-Gonzalez decision deals with the equitable tolling of a petition to reopen a decision of the Board of Immigration Appeals.  The applicable statute of limitations for such petitions is ninety days, a significantly shorter time period than the one-year period under the AEDPA.  In addition, the Ninth Circuit has not adopted this approach to equitably tolling the statute of limitations under the AEDPA in its analysis since deciding Socop-Gonzalez, despite several opportunities to do so.  See Espinoza-Matthews, 432 F.3d 1021 (interpreting the Pace standard for equitable tolling without reference to Socop-Gonzalez).  Rather, the court refocused the AEDPA inquiry on whether the circumstances faced by a petitioner were extraordinary and whether petitioner was sufficiently diligent in attempts to timely file.  See Mendoza, 449 F.3d 1065, Raspberry, 448 F.3d 1150, Roy, 465 F.3d 964.  For these reasons, I decline to apply the equitable tolling scheme as articulated in Socop-Gonzales because it is inconsistent with the

10 - ORDER

standard for equitable tolling under the AEDPA.

## **CONCLUSION**

For the reasons stated above, I concur with the outcome of  Magistrate Judge

Ashmanskas's findings and recommendation (#26).  Petitioner's habeas corpus petition (#2)  is

dismissed as untimely and any pending motions are denied as moot.

IT IS SO ORDERED.

DATED this 24th day of July, 2007.


 /s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge

11 - ORDER